1  TIMOTHY L. SKELTON (SBN 200432)
2  LAEL D. ANDARA (SBN 215416)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  515 South Flower Street, Suite 1100
   Los Angeles, CA 90071-2213
4  Telephone: (213) 312-2000
   Facsimile: (213) 312-2001
5  Email:     tskelton@rmkb.com
               landara@rmkb.com
6

7  Attorneys for Plaintiff
8  ASPEN MEDICAL PRODUCTS

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    SACV13-0568      AG (JPRx)

12  ASPEN MEDICAL PRODUCTS          Case No.

13          Plaintiff,             **COMPLAINT FOR
                                    INFRINGEMENT OF U.S. PATENT
14  v.                             7,141,031**

15  UNIVERSITY BRACES, LLC, a
    Nevada limited liability company; BIO   **DEMAND FOR JURY TRIAL**
16  CYBERNETICS INTERNATIONAL,
    INC., a California corporation, and
17  OTTO BOCK HEALTH CARE U.S.,
    INC., a Minnesota corporation,

18          Defendants.

19

20

21      Plaintiff Aspen Medical Products ("Aspen") complains against defendants

22  University Braces, LLC, Bio Cybernetics International, Inc., and Otto Bock

23  HealthCare U.S., Inc., as follows:

24                    <u>**NATURE OF THE ACTION:**</u>

25      1.     This is an action for damages and injunctive relief to remedy

26  infringement of U.S. Patent No. 7,141,031 ('031 Patent) assigned to and/or owned

27  by Aspen arising under the patent laws of the United States, 35 U.S.C. § 101, et

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   seq. The invention at issue involves a cervical collar for supporting the cervical

2   vertebrae, particularly when a person is injured and cervical damage is suspected.

3       2.    This action arising under the patent laws of the United States, title 35

4   of the United States Code. This Court has original jurisdiction over the matter of

5   this claim under 28 U.S.C. § 1338(a).

6       3.    Aspen asserts these claims as a result of Defendants' knowing and

7   willful use, without permission or license, of Aspen's patented design for a cervical

8   collar as claimed in United States Patent 7,141,031 ('031 Patent), attached hereto as

9   "Exhibit A" to the instant complaint.

10      4.    Aspen seeks the full extent of relief available to it under the Patent

11  Act, including a preliminary and permanent injunction against Defendants'

12  continued acts, the costs of this action including reasonable attorney's fees, and for

13  such other and further relief as this Court may seem just, proper, and equitable.

14  <u>**JURISDICTION AND VENUE:**</u>

15      5.    This Court has subject matter jurisdiction over the claims under 28

16  U.S.C. §§ 1331, 1332, and 1338(a).

17      6.    On information and belief, this Court has personal jurisdiction over

18  University Braces, LLC because it has had continuous, systematic, and substantial

19  contacts with the State of California, including doing business in this judicial

20  district, selling the product at issue into this judicial district, and having its primary

21  place of business in San Diego, California.

22      7.    On information and belief, this Court has personal jurisdiction over

23  Bio Cybernetics, Inc. because it has had continuous, systematic, and substantial

24  contacts with the State of California, including doing business in this judicial

25  district, selling the product at issue into this judicial district, and having its primary

26  place of business in La Verne, California.

27      8.    On information and belief, this Court has personal jurisdiction over

28  Otto Bock Health Care U.S., Inc., because it has had continuous, systematic, and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

- 2 -

1    substantial contacts with the State of California, including doing business in this

2    judicial district, having an affiliate office in this judicial district, selling the product

3    at issue into this judicial district, and having an office in Sacramento.

4         9.    Upon information and belief, Aspen alleges that defendants have

5    conducted business, including the acts giving rise to this Complaint, within this

6    judicial district.  Therefore, this Court has personal jurisdiction over Defendants.

7         10.   A substantial portion of the acts giving rise to this complaint were

8    committed within this judicial district by defendants.

9         11.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and

10   (c), and 1400 (b), as Defendant is subject to personal jurisdiction, do business, and

11   have committed acts of infringement in this district.

**THE PARTIES:**

12        12.   Plaintiff Aspen Medical Products is a California corporation with its

13   principal place of business at 6481 Oak Canyon, Irvine, California.  Aspen is the

14   exclusive licensee all rights to the patent-in-suit.

15

16        13.   Upon information and belief, defendant University Braces, LLC, a

17   Nevada limited liability company with its primary place of business at 9930 Mesa

18   Rim Road in San Diego, through its principal Dr. Thomas T. Haider, has

19   developed, manufactured, and sold the accused product, both directly as its

20   "Saratoga" collar and indirectly as an OEM product to Cybertech and Otto Bock.

21        14.   Upon information and belief, Aspen defendant Bio Cybernetics

22   International, Inc., a California corporation doing business as Cybertech Medical

23   ("Cybertech"), with its primary place of business located at 1815 Wright Avenue in

24   La Verne, California, has purchased and resold the accused product as its

25   "University" Collar.

26        15.   Upon information and belief, Aspen defendant Otto Bock Health Care

27   U.S., Inc. ("Otto Bock"), a Minnesota corporation, with its primary place of

28   business at Two Carlson Pkwy N. #100 in Minneapolis, Minnesota, has purchased

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

and resold the accused product as its "Universal" collar.  Aspen is further informed

and believes that Otto Bock recently acquired an interest in Cybertech.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION:

16.    On November 28, 2006, the United States Patent and Trademark

Office ("the PTO") issued the '031 Patent, entitled "Cervical Collar with End-

Supported Chin strap." A true and correct copy of the '031 Patent is attached as

"Exhibit A".

17.    Figs. 1- and 2 of the '031 Patent depict one embodiment of the patent.



18.    Aspen holds title to the '031 Patent, and sells embodiments of the '031

patent as shown below.



19.     Upon information and belief, Dr. Haider, University Braces' principal, developed a "Saratoga" collar (shown below) that infringes the '031 patent. Dr. Haider and University Braces have sold that infringing collar to Cybertech. Cybertech has sold the infringing collar as its "University" collar. After its recent purchase of Cybertech, Otto Bock also began selling the infringing collar under its "Ottobock Spine Line."




20.     Defendants have no license to use the '031 Patent. Each of these products infringes the '031 Patent.

21.     Before filing this lawsuit, Aspen attempted to negotiate a resolution of its claims with Cybertech and Otto Bock, but that attempt was rebuffed.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**FIRST CLAIM FOR RELIEF:**

(Patent Infringement against all Defendants)

22.    Plaintiff incorporates by reference each allegation in the above paragraphs.

23.    Defendants developed, marketed, sold, and actively induced infringement of one or more claims of the '031 patent, either literally or under the doctrine of equivalents, by selling, distributing, and instructing in the use of the accused products within the United States.

24.    Defendants' infringement, unless promptly enjoined, will cause irreparable loss, injury, and damage to Plaintiff and will prevent Plaintiff from enjoying the exclusive rights granted by the '031 patent.

25.    On information and belief, Defendants' infringement of the '031 patent has been willful.

26.    Aspen has been damaged by this infringement.  The exact amount of such damages can be determined upon an accounting.

**JURY DEMAND**

Aspen demands a trial by jury on all issues so triable.

**WHEREFORE**, Aspen respectfully demands judgment against Defendants, including its affiliates, officers, agents, servants, and employees, and all persons in active concert or participation with them, as follows:

a)    A preliminary injunction enjoining Defendants during the pendency of this action and thereafter permanently, from infringement of the '031 patent;

b)    Destruction of all infringing goods and the means used to make those goods;

c)    An award to Aspen of such damages as it shall prove at trial against Defendants, after a full accounting of all damages that Aspen has suffered as a result of Defendants' unlawful conduct, said damages to be no less than a reasonable royalty;

d)    An award to Aspen of all damages so determined for willful infringement, in accordance with 35 U.S.C. §284, together with prejudgment interest;

e)    an award to Aspen of the costs of this action and its reasonable attorneys' fees; and

f)    Such other and further relief as this Court or Jury may determine to be just and proper.

Dated: April 10, 2013                         ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
     TIMOTHY L. SKELTON
     LAEL D. ANDARA
     Attorneys for Plaintiff
     ASPEN MEDICAL PRODUCTS

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

# EXHIBIT A

US007141031B2

(12) **United States Patent**    (10) **Patent No.:**    **US 7,141,031 B2**
Garth et al.    (45) **Date of Patent:**    Nov. 28, 2006

(54) **CERVICAL COLLAR WITH END-SUPPORTED CHIN STRAP**

(75) Inventors: **Geoffrey Garth**, Long Beach, CA (US); **Charles Patterson**, Long Beach, CA (US)

(73) Assignee: **W. G. Holdings, LLC.**, Long Beach, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 189 days.

(21) Appl. No.: **10/444,201**

(22) Filed: **May 23, 2003**

(65) **Prior Publication Data**

US 2004/0176713 A1    Sep. 9, 2004

**Related U.S. Application Data**

(60) Provisional application No. 60/382,937, filed on May 24, 2002.

(51) **Int. Cl.**
*A61F 5/00* (2006.01)

(52) **U.S. Cl.** ................................. **602/18**; 128/DIG. 23

(58) **Field of Classification Search** ................... 602/5, 602/18–19, 17; 128/DIG. 23
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 4,643,174 | A | * | 2/1987 | Horiuchi | ..................... 602/318 |
| 4,712,540 | A | * | 12/1987 | Tucker et al. | ................. 602/18 |
| 5,097,824 | A | * | 3/1992 | Garth | .......................... 602/18 |
| 5,230,698 | A | * | 7/1993 | Garth | .......................... 602/18 |
| 5,797,863 | A | * | 8/1998 | Køhnke | ...................... 602/18 |
| 6,090,058 | A | * | 7/2000 | Traut et al. | ................. 602/18 |
| 6,494,854 | B1 | * | 12/2002 | Visness et al. | ............... 602/18 |

* cited by examiner

*Primary Examiner*—Michael A. Brown
(74) *Attorney, Agent, or Firm*—Rutan&Tucker, LLP

(57) **ABSTRACT**

The cervical collar has three principal pieces: a back panel, a main collar body, and a chin piece. The chin piece is permanently attached to the main collar body and is only attached at its ends to the main collar body so that the center portion of the chin piece can adjust to chin configuration. The back panel engages behind the neck and is tightened with respect to the main collar body to properly support the patient's head and protect the cervical spine. The chin piece adjusts to the patient's chin configuration because it is sufficiently flexible and only supported away from the chin area. Each of the pieces has a foam cushioning layer.

**20 Claims, 5 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5

US 7,141,031 B2

<table>
<tr><td>1</td><td>2</td></tr>
</table>

**CERVICAL COLLAR WITH END-SUPPORTED CHIN STRAP**

CROSS-REFERENCE

This application relies on U.S. patent application Ser. No. 60/382,937, filed May 24, 2002 for priority.

FIELD OF THE INVENTION

This invention is directed to a cervical collar for supporting the cervical vertebrae, particularly when a person is injured and cervical damage is suspected.

BACKGROUND OF THE INVENTION

When a human body is stressed, such as by injury, various kinds of damage may occur. Stress to the cervical vertebrae may cause nerve damage and, when that high on the spinal cord, nerve damage can lead to significantly debilitating paralysis. The extent of paralysis is related to which particular cervical vertebra is adjacent to the damaged nerve. Therefore, it is essential to provide a cervical collar which properly supports the head and neck of an accident victim until the scope and nature of the damage is determined.

SUMMARY OF THE INVENTION

In order to aid in the understanding of this invention, it can be stated in essentially summary form that it is directed to a cervical collar with end-supported chin piece. The cervical collar is formed of a back piece positioned behind the neck and a main piece engaged on the upper chest of the patient just below his neck. Each is padded, and they are attached together around the neck. A chin piece is secured to the main collar body at each side thereon. The chin piece is of flexible sheet material and engages under the chin of the patient. It is supported only adjacent its ends so that the center portion under the patient's chin is unsupported allowing it to conform itself to the shape of the patient's chin.

It is, thus, a purpose and advantage of this invention to provide a cervical collar with end-supported chin piece so that the chin piece engages under the chin of the patient and can conform by its flexibility to the shape of the patient's chin.

It is a further purpose and advantage of this invention to provide a cervical collar with end-supported chin piece wherein the chin piece is made of flexible sheet material and is secured to the rest of the collar structure only adjacent its ends so that the center portion thereof may flex to accommodate patients with different chin configuration.

Other purposes and advantages of this invention will become apparent from a study of the following portion of the specification, the claims and the attached drawings.

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of the cervical collar with end-supported chin piece of this invention shown on a patient for his cervical spine support.

FIG. 2 is a similar view, without the patient.

FIG. 3 is a left side elevational view thereof with the cervical collar in the assembled configuration.

FIG. 4 is an view similar to FIG. 3, but with the upper velcro layer removed.

FIG. 5 is a front left perspective view of a second preferred embodiment of the cervical collar with end-supported chin piece of this invention, similar to the view of FIG. 2.

DESCRIPTION OF THE PREFERRED EMBODIMENTS

The first preferred embodiment of the cervical collar with end-supported chin piece is generally indicated at 10 in FIGS. 1, 2, 3 and 4. The cervical collar 10 is comprised of three principal structural parts. The back panel 12 is seen in FIGS. 1, 2 and 3. The back panel 12 comprises a sheet 14 of flexible polymer composition material which carries a padding layer 16 thereon. The padding layer 16 is preferably a foam polymer layer. The back panel 12 is configured to extend around the back of the neck of the patient 18. Extending forward from the back panel on each side is a flexible attachment band for securing the back panel to the main collar body 24. The attachment band 20 is seen in FIGS. 1 and 2. A similar band 22 is attached to the left side of the back panel and is seen in dashed lines in FIG. 3. These bands are preferably half of a hook and loop fastener system.

Main collar body 24 is formed of a sheet of flexible synthetic polymer composition material. It engages from the sides of the neck of the patient down over his chest. The back edge 26 on the left side is seen in FIGS. 3 and 4. The back edge on the right side is obscured in FIGS. 1 and 2, because it is inside the near edge of the back panel. The back edges of the main collar body about lie in the plane of the cervical spine. From the back edge, the main collar body extends forward and sweeps down to form an upper edge 30, which is sufficiently far down on the chest to define a tracheotomy access opening at the front of the patient's neck. The lower edge of the main collar body has tabs 32 thereon. The tabs have notches between and openings therein to provide a progressively smaller cross section from the free lower edge of the solid portion of the main collar body. The tabs provide an easier transition between the constraining effect of the collar 10 and the unsupported surface adjacent thereto. As seen in FIGS. 1–4, the sides of the main collar body sweep forward off the sides of the neck and then downward to engage over the patient's clavicle to obtain firm support of the cervical collar from the patients skeletal structure.

In order to strengthen the main collar body 24, strengthener 34 is a generally U-shaped structure of sheet synthetic polymer composition material cut into U-shape. At its upper end, it is attached to the main collar body 24 by means of rivets 36 and 38, see FIGS. 3 and 4. At its U-shaped lower portion, which generally follows the U-shaped center portion of the main collar body 24, is attached by rivets 40 and 42, see FIGS. 1 and 2. Rivet 42 is also seen in FIGS. 3 and 4. The back end of the strengthener band 34 is also attached to the main collar body 24 at rivets 36 and 38. Similar attachment is provided at the opposite side.

Padding layer 44 underlies the main collar body 24 and is preferably a layer of synthetic foam material having fabric attached to each side. The inside fabric layer is suitable for engagement against the patient, while the outside fabric layer on the foam padding layer is suitable to be engaged by the hook portion of a hook-and-loop fastener. The padding layer 16 is similar. Padding layer 44 is attached to the inside of the main collar body 24 by the hook portion of a hook-and-loop fastener. A disc 46 of hook fastener is attached to the inside of the lower front of the main collar body 24, see FIG. 1. Other such discs are preferably fastened

US 7,141,031 B2

3

on the underside of the main collar body 24, for example, near the rivets 40 and 42. The padding layer extends up and back along the interior of the main collar body 24 and terminates in an ear, which extends back beyond the back ends of the main collar body. One of the ears is indicated at 48 in FIG. 2. The other side is similar.

The third principal structural part of the cervical collar 20 is the chin piece, generally indicated at 50 in FIGS. 1, 2, 3 and 4. The chin piece 50 is formed of flexible sheet synthetic polymer material and is configured so that, when the ends 52 and 54 are substantially vertical where they lie inside the ends of the main collar body, the forward chin-supporting section 56 lies forward at an angle between 30 and 45 degrees to the horizontal, as seen in FIGS. 3 and 4. The chin piece is attached to the main collar body by two rivets at each side. The two rivets on the left side are indicated at 36 and 38 in FIGS. 3 and 4. There are similar rivets on the right side. These rivets are hidden under the hook fastener band 58, which is seen in FIGS. 1, 2 and 3. The view of FIG. 4 is shown with this hook fastener band removed to show the positioning of the rivets. As seen in FIGS. 3 and 4, the rivets are close to the back end of both the main collar body and the chin piece.

The entire center section of the chin piece in the forward direction beyond the forward rivet 36 and its companion rivet on the other side is unsupported. The forward rivet is no further forward than halfway from the patient's mandibular joint to the center of his chin. Support for the chin at the center of the chin piece is provided by the stiffness of the chin piece. The chin piece is sufficiently stiff to provide adequate support, but it is flexible enough to be able to bend substantially to the patient's chin contours. The entire width of the front of the chin piece over the entire breadth of the tracheotomy opening 60 is not engaged or supported by any other structure. The only structural support for the chin piece is at its rivets near its back ends, as previously stated.

Padding layer 60 covers the inside of the chin piece 50. It is a polymer foam padding layer with a suitable fabric on the inside surface for skin contact. The outside of the padding layer is covered with a fabric which can be engaged by the hook portion of a hook-and-loop fastener system. Band 58 of the hook portion of the hook-and-loop fastener is wrapped round the back end 26 for a short way. The ear 48 engages thereon and is releasably retained by the portion of the band 58. The band 58 extends forward and is folded over the top edge of the chin piece at its front center. This folded-over portion is indicated at 62 in FIGS. 1 and 2. At that location, it lies on the inside of the chin piece at its top edge. It is at this location that the padding layer is attached at its front center to the hook fastener band. The padding layer is secured to the inside of chin piece 60 adjacent its back end by attachment disc 64, as shown in FIGS. 3 and 4.

When it is required for the support of his head and neck, the cervical collar 10 is placed on the patient 18. The main collar body and chin piece are a permanently attached structure, and the respective padding layers are in position. The main collar body 24 is placed against the chest with the chin piece 50 under the chin of the patient. The back panel 12 is placed behind the neck of the patient and overlaps the outside of the main collar body on both sides, as seen in FIGS. 1 and 2. The main collar body and chin piece are thrust back at the same time the back panel is thrust forward. Attachment bands 20 and 22 on the back panel are pulled forward and attached to the band 58 on both sides. The application of the collar 10 on the patient should be sufficiently firm so that the tabs on the main collar body and the

4

tabs on the back panel are resiliently bent. This applies resilient stabilization to the cervical spine and head of the patient.

Another preferred embodiment of the cervical collar with end-supported chin piece is seen in FIG. 5 and is generally indicated at 70. The cervical collar 70 is comprised of three principal parts. It has a back panel 72, which is the same as back panel 12 except that it is taller. Main collar body 74 extends forward and downward and rests upon the chest of the patient. It has tabs 76 to provide a transition which is more gradual than a hard edge. The tabs may have configuration which changes their resiliency as a function of the distance from the principal part of the main collar body. As compared to the main collar body of the cervical collar 10, the main collar body 74 has an arm 78 which extends upward, with one arm on each side of the tracheotomy opening 80. Both the back panel and main collar body have a suitably configured padding layer thereunder. The padding layer is of polymer foam material with its inside suitable for body contact and its outside suitable for attachment by hook-type fasteners. The inside of the back panel and inside of the main collar body are each provided with portions of hook-type fasteners so that the padding material is removably attached thereto.

Chin piece 82 is permanently attached to the main collar body by means of two rivets on each side. Rivets 84 and 86 are shown on the near side of FIG. 5. The forward rivet 84 is no closer to the center of the chin strap than half the distance from the patient's mandibular joint to the center of the chin strap. There are similar rivets on the far side. This structure is very similar to the structure of cervical collar 10, except that the rivet mountings are farther apart. The chin piece also has a padding layer of the nature described above. The flexibility of the chin piece between the front two rivets, of which rivet 84 is one, and the distance between the front rivets is sufficient so that the chin piece can adjust to the configuration of the patient's chin. The chin piece is unsupported between its rivets and relies upon its own stiffness to provide support, together with the necessary flexibility to achieve the proper chin support configuration. Hook-and-loop fastener strap 88 is attached to the main collar body, extends through a slot in the back panel and extends forward to attach onto itself. A similar fastener strap is provided on the opposite side so that the collar 70 can be tightened to the appropriate firmness to properly support the patient's head and stabilize his cervical spine.

This invention has been described in its presently preferred embodiment, and it is clear that it is susceptible to numerous modifications, modes and embodiments within the ability of those skilled in the art and without the exercise of the inventive faculty. Accordingly, the scope of this invention is defined by the scope of the following claims.

What is claimed is:

1. A cervical collar comprising:
   a main collar body configured to overlie the upper chest of at patient and extend over his shoulders substantially to the spinal plane;
   a flexible chin supporting piece, having no midline support and being secured to the main collar body only adjacent to its ends; and
   a back panel coupled to the main collar body, and configured to engage the hack of the neck of the patient.

2. The cervical collar of claim 1 wherein at least one of said chin supporting piece, main collar body and said back panel have padding attached thereto.

3. The cervical collar of claim 2 wherein said padding comprises a foam polymer.

US 7,141,031 B2

| 5 | 6 |

4. The cervical collar of claim **1** wherein at least one of said main collar body and said back panel has flex tabs along the edge thereof.

5. The cervical collar of claim **4** wherein at least some of said tabs have a base and a tip, with the base being wider than the tip.

6. The cervical collar of claim **1**, further comprising a hook-and-loop fastener that couples said main collar body and said back panel.

7. The cervical collar of claim **6** having right and left lateral portions, each of which operates as a continuous extension of the main collar body.

8. The cervical collar of claim **7** wherein the right and left lateral portions are riveted to the main collar.

9. The cervical collar of claim **1** wherein the chin piece has left and right rivets lateral to the midline.

10. A cervical collar comprising:
   a main collar body having a padded chest portion and a portion that extends over a patient's shoulder;
   a chin piece having two lateral arms coupled to the main collar body, and a mid-section that is supported entirely by the lateral arms;
   an adjustment mechanism thtu adjusts the chin piece relative to the main collar body; and
   a back panel removably coupled to the main collar body.

11. The cervical collar of claim **10** wherein said back panel carries a padding.

12. The cervical collar of claim **10** wherein said back panel has flexible tabs.

13. The cervical collar of claim **12** wherein said flexible tabs are of increasing cross section from their tips to the brace where they are integral with said main collar body.

14. The cervical collar of claim **10** wherein there is an opening in said main collar body to provide access for tracheotomy, and there is a strengthening layer adjacent said opening to provide adequate strength around said opening for said main collar body.

15. The cervical collar of claim **11** wherein said padding layer is attached to said cervical collar by hook fasteners.

16. The cervical collar of claim **10** wherein said back panel is attached to said main collar body by means of hook-and-loop fasteners.

17. The cervical collar of claim **16** wherein a portion of said book-and-loop fasteners for attachment of said back panel also serves as attachment structure for attaching said main collar body padding thereto said main collar body.

18. The cervical collar of claim **10** wherein said chin piece is attached to said back panel through the main body.

19. The cervical collar of claim **18** wherein said chin piece is attached to said back panel through the main body by at least one river.

20. The cervical collar of claim **19** wherein the chin piece has right and left rivet attachments.

*    *    *    *    *

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 568 AG (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [✓] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Timothy L. Skelton (SBN 200432)
Lael D. Andara (SBN 215416)
Ropers, Majeski, Kohn & Bentley
515 South Flower Street, Suite 1100
Los Angeles, CA 90071
Phone: (213) 312-2000
Facsimile: (213) 312-2001
Email: tskelton@rmkb.com
        landara@rmkb.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPEN MEDICAL PRODUCTS | CASE NUMBER |
| PLAINTIFF(S) | SACV13-0568 ~AG (JPRx) |
| v. | |
| UNIVERSITY BRACES, LLC, a Nevada limited liability company; BIO CYBERNETICS INTERNATIONAL, INC., a California corporation, and OTTO BOCK HEALTH CARE U.S., INC., a Minnesota corporation | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Timothy L. Skelton</u>, whose address is <u>Ropers, Majeski, Kohn & Bentley - 515 South Flower Street, Suite 1100, Los Angeles, CA 90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

APR 10 2013

Clerk, U.S. District Court

Dated: _____     By: _____

                                        Deputy Clerk

                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*



American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ASPEN MEDICAL PRODUCTS | UNIVERSITY BRACES, LLC, a Nevada limited liability company; BIO CYBERNETICS INTERNATIONAL, INC., a California corporation, and OTTO BOCK HEALTH CARE U.S., INC., a Minnesota corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Timothy L. Skelton (SBN 200432) tskelton@rmkb.com<br>Lael D. Andara (SBN 215416) landara@rmkb.com<br>Ropers, Majeski, Kohn & Bentley<br>515 South Flower Street, Suite 1100<br>Los Angeles, CA 90071 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** t.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an action arising under the patent laws of United States, Title 35 of the United States Code and 35 U.S.C. Sections 1, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-0568**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| University Braces, LLC - San Diego<br>Bio Cybernetics International, Inc. - Orange | Otto Bock Health Care U.S., Inc. - State of Minesota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date April 10, 2013

Timothy L. Skelton

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com